

| | Joseph R. Scholz<br>Partner<br><br>T. 973-639-6999<br>F. 973-297-3731<br><br>jscholz@mccarter.com | McCarter & English, LLP<br><br>Worldwide Plaza<br>825 Eighth Avenue<br>31st Floor<br>New York, NY 10019-7475<br><br>www.mccarter.com |

September 8, 2022

**VIA CM/ECF**

The Honorable Jessica S. Allen, U.S.M.J.
U.S. District Court for the District of New Jersey
Martin Luther King Jr. Federal Bldg. & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07102

**Re:   COLOR STREET LLC v. AUDERE, INC. et al.
        Civil Action No. 2:22-cv-02267-JXN-JSA**

Dear Judge Allen:

As the Court will recall, we represent Plaintiff Color Street LLC ("Plaintiff") in this matter. In accordance with the Court's August 29, 2022 Order, this letter sets forth the respective positions of Color Street and Defendants Audere, Inc. and Salvatore (A.K.A. Tony or Antonio) Ferraro (collectively, "Defendants") concerning jurisdictional discovery.

*Plaintiff's Position*

After the parties' conference with the Court, Plaintiff proposed to Defendants to significantly limit the number and scope of its jurisdictional discovery requests, while providing Defendants with ample time to respond. In terms of scheduling, Plaintiff proposed to serve the discovery requests by September 23, 2022, with responses due by October 21, 2022. With respect to the number of discovery demands, Plaintiff suggested that it would serve no more than 20 interrogatories and 20 document requests to each defendant, which limits are lower than those normally allowed under the Federal Rules for merits discovery, and to limit the discovery to issues pertaining to personal jurisdiction, including Defendants' contacts with the State of New Jersey and matters relevant to the *Calder* effects test, such as issues concerning any intentional conduct directed to the State of New Jersey. Defendants did not agree to this proposal.

Plaintiff requests permission from the Court to serve jurisdictional discovery in accordance with the proposal set forth above before Defendants file their proposed motion to dismiss. Plaintiff believes that conducting jurisdictional discovery prior to filing the motion to dismiss makes the most sense here rather than filing a cross-motion after the motion to dismiss is filed. Given that Judge Neals may want the parties to use the filing procedures from former Appendix N, a cross-motion by Plaintiff seeking permission to propound jurisdictional discovery would not be considered by the Court until after the motion to dismiss is fully briefed by both sides without the aid of jurisdictional discovery; should the cross-motion be granted, Plaintiff would need to propound its jurisdictional discovery at a later date, Defendants would then need to respond to that discovery, and Plaintiff would be

The Honorable Jessica S. Allen, U.S.M.J.
September 8, 2022
Page 2

required to prepare a new opposition brief and supporting papers after reviewing Defendants' jurisdictional discovery responses, thus resulting in avoidable delay and the court's review of at least two different sets of opposition and reply papers.  In short, it would be more efficient for the Court and the parties to permit Plaintiff to conduct jurisdictional discovery now before the motion to dismiss is filed.

*Defendants' Position*

Defendants contend that Plaintiff should be limited to no more than 10 interrogatories and 10 document requests to each defendant, and that discovery should be limited to the narrow issue of personal jurisdiction over these Defendants in the State of New Jersey, including Defendants' contacts with the State of New Jersey.

We greatly appreciate the Court's consideration.

Respectfully submitted,

Joseph R. Scholz

cc:  Cara Thornton, Esq. (via email and ECF)
     Thomas Ambrosio, Esq. (via email and ECF)